1998 ME 125

## EASTERN AIRCRAFT SALES, INC.

v.

## CITY OF OLD TOWN.

Supreme Judicial Court of Maine.

Submitted on Briefs May 15, 1998.

Decided May 28, 1998.

---

Peter A. Anderson, Bangor, for plaintiff.

John J. Wall, III, Monaghan, Leahy, Hochadel & Libby, L.L.P., Portland, Robert E. Miller, Spencer, Zmistowski & Miller, Old Town, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] The City of Old Town appeals from the declaratory judgment entered in the Superior Court (Penobscot County, *Mead, J.*) in favor of Eastern Aircraft Sales, Inc. The City contends that the court erred by concluding that a fifteen-year lease entered into by the parties may be terminated only on a breach of condition of the lease. We affirm the judgment.

[¶ 2] In October 1996 the City notified Eastern Aircraft that it was terminating Eastern's lease of the Old Town municipal airport (Dewitt Field) on May 1, 1997. In February 1997 Eastern filed a complaint against the City seeking, *inter alia*, a declaratory judgment pursuant to 14 M.R.S.A. §§ 5951–5963 (1980 & Supp.1997). A trial was held in June 1997 on the first count of the complaint, the sole issue being whether the lease provided that either party could terminate the lease at will. Following the court's negative answer, the City obtained a certification of final judgment pursuant to M.R. Civ. P. 54(b) and this appeal followed.

[¶ 3] Paragraph 3 of the lease provides: "The term of the within Lease shall be for fifteen (15) years." The City, however, relies on the following sentence from paragraph 4 of the lease: "Neither party may terminate this agreement without first giving the other party hereto six (6) months notice in writing." The City contends that because the sentence contains no reference to a breach of condition of the lease, none is necessary. We disagree. The provision merely requires a six-month notice and is couched in the negative. The City would have us interpret the provision as if it provided that either party may terminate the agreement on giving the other party six months' notice in writing. Because the provision does not permit termination but only requires notice upon termination, we look to the rest of the lease and contract law.

[¶ 4] Ordinary contract principles prevent the termination of the lease during its term in the absence of a breach of condition. The City has presented no persuasive argument to the contrary. Nor has the City's resort to other provisions of the lease persuaded us that the provision of paragraph 4 should be interpreted to permit termination at will.

The entry is:

Judgment affirmed.